IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                          CRIMINAL CASE NO. 1:17-CR-122-SA

DANNY WOODCOCK                                                 DEFENDANT

ORDER

Now before the Court is the Defendant, Danny Woodcock's, Motion to Suspend and Waive Future Interest [71]. The Government filed a Response [72] opposing the request. Having reviewed the filings, along with the applicable authorities, the Court is prepared to rule.

*Relevant Background*

On November 3, 2017, Woodcock was indicted for embezzlement of union funds. *See* [1]. The Indictment [1] alleged that Woodcock "while an officer, that is, President, of Communication Workers of America (CWA) Local 83770, a labor organization engaged in an industry affecting interstate commerce, did embezzle, steal and unlawfully and willfully abstract and convert to his use the moneys, funds, securities, property, and other assets of CWA Local 83770[.]" [1] at p. 1.

Woodcook ultimately pled guilty to one count on August 17, 2018. His sentencing hearing was held on August 29, 2019, at which time the Court sentenced him to serve a term of imprisonment of 46 months, in addition to imposing restitution in the amount of $519,963.04. *See* [54].

On December 9, 2019, the Government filed a Motion [57] requesting that the Court impose a charging order on Woodcock's interest in Puetz Associates, a Washington limited liability partnership. The Court, pursuant to Mississippi Code Section 79-14-703, granted the request, holding that "the United States is entitled to have the limited partner interests of the Defendant in Puetz Associated Limited Liability Limited Partnership . . . The United States should

have the rights of an assignee of the Defendant's limited partnership interests in and to said limited liability limited partnership." [58] at p. 1.

While in custody, Woodcock filed a *pro se* Motion [67] requesting that the Court modify the restitution amount. The Court denied that request, holding:

> In the present Motion [67], the Defendant notes that he is no longer receiving Social Security benefits. He provides a list of his purported monthly expenses for his home and requests that, due to the amount of expenses associated with that home, his restitution payments and/or the Charging Order entered by the Court be modified.
>
> The Defendant's Motion [67] is not well-taken. In the Court's view, providing compensation for the victims is of utmost importance, and the Defendant has not provided a sufficient reason for his restitution obligation to be modified.

[70] at p. 1-2.

Woodcock was released from custody on January 20, 2022. *See* https://www.bop.gov. A short time later, on March 8, 2022, Woodcock, through counsel, filed the present Motion [71], wherein he "moves the Court for suspension and waiver of any future interest related to outstanding restitution." [71] at p. 1. Woodcock relies on 18 U.S.C. § 3612(f)(3)(a) to support his request. As noted above, the Government opposes the requested relief.

*Analysis and Discussion*

The imposition of interest is mandatory in certain circumstances. *See* 18 U.S.C. § 3612(f)(1). In pertinent part, Section 3612(f)(1) provides that "[t]he defendant *shall* pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment." *Id*. (emphasis added). However, the statute also provides authority for modification of interest:

> **(3) Modification of interest by court.** -- If the court determines that the defendant does not have the ability to pay interest under this subsection, the court *may*—
>
> (A) waive the requirement for interest;
> (B) limit the total of interest payable to a specific dollar amount; or
> (C) limit the length of the period during which interest accrues.

18 U.S.C. § 3612(f)(3) (emphasis added).

Courts have interpreted Section 3612(f)(3) differently. Some courts have held that the statute provides district courts authority to modify the interest requirement only at the time of sentencing and not in subsequent filings. *See*, *e.g.*, *United States v. Messier*, 2007 WL 1821687, at *1 (D. Conn. June 25, 2007) (holding that § 3612(f)(3) applies to restitution ordered at the time of sentencing only and not to modification of restitution orders); *United States v. Eberhard*, 2012 WL 2568971, at *4 (S.D.N.Y. July 3, 2012) (citing *Messier* for same proposition); *United States v. Austin*, 2018 WL 1964414, at *1 (M.D. Fla. Apr. 26, 2018) ("As to interest amount only, the Court could have waived the requirement but only at the time of sentencing, not after restitution has been ordered.").

Conversely, "[o]ther courts have concluded that a district court does have the authority to waive or reduce interest, either at sentencing or post-sentencing." *United States v. Bradford*, 2019 WL 6254876, at *3 (E.D. La. Nov. 22, 2019) (citing *United States v. Perez*, 2008 WL 4865992, at *3 (N.D. Ill. July 1, 2008); *United States v. Coleman*, 319 F. App'x 228, 230 (4th Cir. 2009); *U.S. v. Allen*, 2017 WL 5560415, at *2 (W.D. Tex. Nov. 13, 2017)). Notably, the Sixth Circuit—relatively recently—engaged in an extensive analysis of the applicable statutory sections and concluded that a district court "could exercise its power under § 3612(f)(3) to waive restitution interest after sentencing" but noted that the decision whether to do so falls within the district court's

discretion. *United States v. Phillips*, 9 F.4th 382, 389 (6th Cir. 2021); *see also United States v. Jones*, 2023 WL 4238478, at *5 (N.D. Cal. June 28, 2023) (citing *Phillips* for the proposition that a district court maintains discretion to waive interest post-sentencing).

In *Bradford*, the District Court for the Eastern District of Louisiana recognized this split of authorities, along with the fact that the Fifth Circuit has not yet provided guidance on this issue, but ultimately held that "[e]ven assuming that the Court does have jurisdiction to consider the merits of Defendant's case pursuant to § 3612(f)(3), the Court does not find that Defendant has demonstrated his inability to pay interest[.]" *Id*. at *4. There, the defendant requested that the district court grant him a refund of interest which he had already paid. *Id*. The district court rejected that request, holding that the fact that the defendant had already paid the interest foreclosed his argument that he "did not have the ability to pay interest" as required by the statute. *Id*.

In the case *sub judice*, Woodcock argues:

> According to the Judgment, Mr. Woodcock owed $519,963.04. In an email dated February 25, 2022 from Elizabeth Brown with the Financial Litigation Unit, Mr. Woodcock's "current balance of restitution was $477,094.22, with $456,455.54 in principal and $20,638.68 in interest. The interest rate is set at 1.720 percent. Payments made total $63,607.50 through 2/14/2022."
>
> Mr. Woodcock served his imposed sentence and was released January 20, 2022. While incarcerated, Mr. Woodcock has been making restitution payments in the amount [of] $75 per month. Additionally, $2,695 has been deducted from his account since at least April 2020. Due to the substantial amount of restitution, Mr. Woodcock's payments will only partially cover his principal balance, with the majority covering the interest.
>
> Mr. Woodcock, having already been deemed indigent, asks this court to waive any future interest so that his payments apply 100% towards the principal restitution amount.

[71] at p. 1-2 (internal citations omitted).

4

The Government counters by emphasizing that, pursuant to the charging order, it has been able to obtain payment through his interest in Puetz Associates. Specifically, the Government notes that it has "successfully intercept[ed] for payment to restitution his interest in a monthly payment of $2,695.00 through a Charging Order." [72] at p. 1 (emphasis in original). The Government notes that "[t]he mere collection of the $2,695 monthly distribution from the partnership for the next twenty years exceeds $640,000. The Defendant has not shown an inability to pay and his restitution should not be modified." Id. at p. 2.

Here, although referencing the large amount of restitution that he owes, Woodcock provides nothing establishing he cannot pay the interest. This is particularly true in light of the Government's representation that, through the charging order, it is successfully intercepting monthly payments which would, if continued for a period of twenty years (the statutory deadline to collect), exceed $640,000.[1]

The Court also notes Section 3612(i), which provides that "[p]ayments relating to fines and restitution shall be applied in the following order: (1) to principal; (2) to costs; (3) to interest; and (4) to penalties." 18 U.S.C. § 3612(i). The Government represents that it collects in accordance with this statutory directive, meaning that it "would allow for 100% of the Defendant's payments being applied to the principal balance first." [72] at p. 2.[2] This cuts against Woodcock's argument

---

[1] Neither party has provided any documentation or argument as to whether such payments will continue in the future.

[2] This is consistent with the email attached to Woodcock's Motion [71], wherein the Government explained that the payments made total $63,607.50 and that the total balance of his restitution at that time was $477,094.22 (consisting of $456,455.54 in principal and $20,638.68 in interest). In other words, the $63,607.50 in payments towards the original restitution amount of $519,963.04 appear to have all been applied toward the principal ($519,963.04 - $63,607.50 = $456,455.54). In referencing these numbers, the Court is of course cognizant that some time has passed since the Motion [71] was filed and that the numbers have certainly changed.

that his payments "will only partially cover his principal balance, with the majority covering the interest." [71] at p. 2.

Furthermore, the statute itself is discretionary, providing that the Court *may* modify the interest if it makes a determination that the defendant cannot pay it. Although aware that Woodcock was previously deemed indigent, the Court has documentation before it indicating that, through the charging order, the Government has been able to make significant progress on collection.

The Court declines to modify the interest portion of the restitution order at this time. However, the Court denies the request *without prejudice*. Should Woodcock at some later time believe he is able to establish his inability to pay the interest previously imposed, the Court would be willing to consider the underlying facts and circumstances which allegedly support such a request. Nevertheless, based on the information and documentation presently before it, the Court does not find that a modification is warranted.[3]

*Conclusion*

For the reasons set forth above, the Court finds that interest should not be suspended or waived at this time. The Motion [71] is DENIED.

SO ORDERED, this the 24th day of July, 2023.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[3] In reaching this conclusion, the Court, at this time, does not definitively decide that it has authority to modify interest post-sentencing. Rather, like the District Court for the Eastern District of Louisiana in *Bradford*, the Court simply holds that, even if it has such authority, Woodcock is not entitled at this time to the relief he requests.